## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re:<br><br>**STANLEY SUTTON BURNS, JR.**<br><br>Debtor. | **Case No. 23-12571-MCR**<br>**Chapter 7** |
| **GERARD R. VETTER**<br>**ACTING UNITED STATES TRUSTEE**<br>**for REGION 4,**<br>**6305 Ivy Lane, Suite 600**<br>**Greenbelt, Maryland 20770**<br><br>Plaintiff,<br><br>v.<br><br>**STANLEY SUTTON BURNS, JR.**<br>**7001 Arlington Road, Apt. 304**<br>**Bethesda, Maryland 20814**<br><br>Defendant. | **Adversary No.:** |

## COMPLAINT TO DENY DISCHARGE OF DEBTOR

Gerard R. Vetter, Acting United States Trustee for Region Four ("United States Trustee"), pursuant to Rules 4004 and 7001(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 11 U.S.C. § 727 (the "Bankruptcy Code"), files this Complaint to Deny Discharge of Stanley Sutton Burns, Jr. In support of this Complaint, the United States Trustee states as follows:

### Jurisdiction, Venue, and Standing

1.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3.      The United States Trustee has standing to bring this action pursuant to sections 307 and 727 of the Bankruptcy Code and Bankruptcy Rule 4004.

4.      Pursuant to Local Bankr. Rule 7012-1, the United States Trustee consents to entry of a final order or judgment by this Court.

## Parties

5.      The Plaintiff is the Acting United States Trustee for Region Four.

6.      Stanley Sutton Burns, Jr. (the "Debtor") is the debtor in the above-captioned chapter 7 bankruptcy case and is the Defendant in this adversary proceeding.

## Facts

**I.      The Bankruptcy Case**

7.      On April 14, 2023 ("Petition Date"), the Debtor commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code.

8.      Merrill Cohen was appointed as the Chapter 7 Trustee.

**II.     Schedules and Statement of Financial Affairs**

9.      On May 5, 2023, the Debtor filed his Schedules and Statement of Financial Affairs ("SOFA").  Dkt. No. 21.

10.     Question 19 on Schedule A/B asks, "Do you own or have any legal or equitable interest in any of the following: non-publicly traded stock and interests in incorporated or unincorporated businesses, including an interest in an LLC, partnership, and joint venture?"  The Debtor answers, "Yes" and discloses his 70% membership interest in Live Calls Network, LLC ("LCN") with a value of $250,000.

11.    Question 21 on Schedule A/B asks, "Do you own or have any legal or equitable interest in any of the following: retirement or pension accounts?"  The Debtor answers, "Yes" and discloses the following:

| Type of account | Institution Name | Amount |
|---|---|---|
| IRA | Fidelity Investments<br>PO Box 770001<br>Cincinnati, OH 45277 | $11.27 |
| Live Calls Network LLC<br>Acct #$5416 | Merrill Lynch Pierce<br>Fenner & Smith, Inc.<br>One Bryant Park<br>New York, NY 10036 | $212,444.15 |
| Live Calls Network LLC<br>Pension #5415 | Merrill Lynch Pierce<br>Fenner & Smith, Inc.<br>One Bryant Park<br>New York, NY 10036 | $773,687.23 |

12.    The Schedules contain a "Declaration About an Individual Debtor's Schedules" that the Debtor signed beneath the statement: "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct."  Dkt. No. 21 at p. 25.

13.    One day prior to the section 341 meeting of creditors, on May 23, 2023, the Debtor filed an Amended Schedule A/B whereby he amended Question 19 to change the value of his 70% membership interest in LCN from $250,000 to "Unknown."  Dkt. No. 32.

14.    Amended Schedule A/B was signed under the penalty of perjury.[1]

15.    On August 14, 2023, the Debtor filed his Third Amended SOFA.[2]

16.    Question 4 of the Third Amended SOFA asks, "Did you have any income from employment or from operating a business during this year or the two previous calendar years?  The

---

[1] On December 29, 2023, the Debtor filed Amended Schedules A/B, C, and D regarding a tax refund.  It does not appear that any other changes were made to the schedules.  Dkt. No. 114.
[2] The Debtor amended the SOFA on May 23, 2023 ("First Amended SOFA"), June 7, 2023 ("Second Amended SOFA") and August 14, 2023 ("Third Amended SOFA").

Debtor answers, "Unknown" for wages for 2023 and "Unknown" for operating a business for 2023 and 2022.  He discloses wages of $289,999.92 for 2022 and $405,473 for 2021.  In addition, the Debtor discloses income from operating a business of $552,844 for 2021.  Dkt. No. 71.

17.    Question 13 of the Third Amended SOFA asks, "Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?" The Debtor answers, "Yes" and discloses various gifts to his daughter, son, and son-in-law in the total amount of $22,850.

18.    Question 18 of the Third Amended SOFA asks, "Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?"  The Debtor answers, "No."

19.    The Debtor signed the Third Amended SOFA beneath the statement: "I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct."  Dkt. No. 71 at p. 10.

20.    The Debtor testified under oath, subject to the penalty of perjury, during the meeting of creditors that was held on May 24, 2023, and continued to June 7, 2023.

### III.    Guseinov Judgment

21.    On December 7, 2005, Gary Guseinov ("Guseinov") obtained a judgment ("Judgment") in the Superior Court of California, County of Los Angeles, Central District against the Debtor in the original principal amount of $5,223,980.09, with post-judgment interest accruing at 10%.  The Judgment was later modified to $2,813,758.02.

22.    On or about August 24, 2021, Guseinov filed the Judgment as a foreign judgment in the State of Maryland and began garnishing the Debtor's assets.

23.     On July 18, 2023, Guseinov filed his proof of claim in the Debtor's bankruptcy case, asserting a total claim of $9,786,657.87 as of the Petition Date.

**IV.     Transfer of Debtor's Membership Interest in Live Calls Network, LLC**

24.     Upon information and belief, the Debtor formed LCN in Delaware on or about February 6, 2018.  The Debtor enrolled the company with the State of Maryland on or about May 30, 2019.

25.     Upon information and belief, the Debtor was the sole member of LCN from its formation in February 2018 until June 16, 2022.

26.     In July 2020, the Debtor married Aminata Derra ("Derra").

27.     Approximately two years later, on or about June 16, 2022, the Debtor transferred 30% of the Membership Interest in LCN to Derra for no consideration.

**V.     Live Calls Network, LLC is the Alter Ego of the Debtor**

28.     Pursuant to Schedule I, as of the Petition Date, the Debtor was the "Founder & Owner" of LCN and Derra was the "VP of HR and Admin."

29.     Upon information and belief, Derra has a high school education and no prior human resource, business administration, or other management experience.

30.     The Debtor testified during the meeting of creditors held on June 7, 2023, that he and his wife are the only W-2 employees of LCN.  All other personnel are 1099 contractors.

31.     Prior to 2021, Derra was involved in a limited capacity with LCN and between April 14, 2020 to December 31, 2020, received miscellaneous payments in the total amount of $15,734.

32.     Yet, according to Derra, she received the following compensation from LCN in her role as VP of HR and Admin from 2021 to 2023:

|  | **2021** | **2022** | **2023**[3] | **TOTAL** |
|---|---|---|---|---|
| **Wages** | $163,450 | $302,000 | $150,383 | **$615,833** |
| **K-1 Income** |  | $74,622 | $22,540 | **$97,162** |
| **Pension** | $99,000 | $25,000 |  | **$124,000** |
| **Profit Sharing** | $10,977 | $18,300 |  | **$29,277** |
| **TOTAL** | **$273,427** | **$419,922** | **$172,923** | **$866,272** |

*See* DERRA000001.

33.     However, a review of Derra's W-2 for 2021 and 2022 show her gross wages, as opposed to her taxable wages, were as follows:  $182,949.47 and $322,500.06, respectively.[4]  *See* DERRA000004-5.   Accordingly, the total transferred to Derra during this time period was $906,272.07.

34.     Upon information and belief, most of the compensation received by Derra occurred after the Judgment was filed in the State of Maryland and collection efforts were undertaken by Guseinov.

35.     In addition, LCN made substantial contributions to the Debtor's retirement fund during the time that Guseinov was taking action to collect on his Judgment in the State of Maryland.   The LCN January-December 2022 profit & loss statement shows total pension payments of $499,800.  Presumably these payments are for the Debtor and Derra and no allocation between the two is provided on the profit & loss statement.

36.     Upon information and belief, by way of example only, there was a payment by LCN to the Debtor's retirement in September 2022 for $82,000 and in October 2022 for $160,000.

---

[3] Per Derra's QuickBooks through July 31, 2023.
[4] According to Derra's pay stub for pay date ending December 31, 2022, Derra's salary was $307,500 with a $15,000 bonus and a 401K deduction of $20,500.

37.     On Amended Schedule A/B the Debtor discloses, that on the Petition Date, his retirement accounts with LCN totaled $986,131.38 with 25% or $246,532 contributed within the one year prior to the Petition Date.

## VI.     Transfers to Derra

38.     In addition to the large sums of money that were paid to Derra through LCN, substantial amounts of money were transferred to Derra from accounts in which the Debtor had an interest during the one year prior to filing for bankruptcy and after the date of filing.

39.     Upon information and belief, the following transfers occurred to Derra:

| DATE | AMOUNT |
|------|--------|
| May 17, 2022 | $56,000 |
| May 26, 2022 | $379,777 |
| November 16, 2022 | $10,500 |
| **TOTAL** | **$446,277** |

## Denial of Discharge

40.     Section 727(c)(1) of the Bankruptcy Code states that "the United States Trustee may object to the granting of a discharge under subsection (a) of this section."

41.     The section 341 meeting of creditors in the chapter 7 proceeding was scheduled for May 24, 2023, and continued to June 7, 2023.

42.     Pursuant to Bankruptcy Rule 4004(a), the time to file a complaint objecting to a debtor's discharge expires sixty days after the first date scheduled for the section 341 meeting of creditors unless extended by order of the Court.

43.     The initial deadline for objecting to the Debtor's discharge was July 24, 2023.

44.     On July 13, 2023, the Chapter 7 Trustee filed a Motion for Extension of Time to Object to Discharge.  The Court entered an order granting the motion and extended the deadline to object to the Debtor's discharge to September 22, 2023.

45.     On September 13, 2023, the United States Trustee filed a Motion to Further Extend Deadline to File Complaint Objecting to Stanley Sutton Burns, Jr.'s Discharge ("Motion to Extend").  Dkt. No. 79.  The Debtor opposed the motion and Guseinov filed a response in support. Dkt. Nos. 80 and 82.  On September 15, 2023, the Court granted the Motion to Extend and extended the deadline to object to the Debtor's discharge to November 21, 2023.  Dkt. No. 83.

46.     Thereafter, on November 16, 2023, the Debtor and United States Trustee filed a consent motion to extend the discharge deadline to January 20, 2024.  Dkt. No. 104.  Guseinov filed an opposition.  Dkt. No. 105.  On November 20, 2023, the Court entered the Order Granting Debtor's Consent Motion to Extend Deadline to File Complaints Objection to Discharge extending the deadline to objection to the Debtor's discharge to January 20, 2024 for all parties in interest. Dkt. No. 107.

47.     This Complaint is timely filed pursuant to section 727 of the Bankruptcy Code.

**COUNT I**
**Denial of Discharge: 11 U.S.C. §§ 727(c)(1); 727(a)(2)**
<u>**Transfer of Assets with Intent to Hinder, Delay or Defraud Creditors**</u>
**(Membership Interest Transfer)**

48.     The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

49.     Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition."  11 U.S.C. § 727(a)(2).

50.     The Debtor fraudulently transferred 30% of the Membership Interest in LCN to Derra for no consideration.

51.     Upon information and belief, at the time of the transfer, the Membership Interest had substantial value.

52.     The Debtor was the transferor of the Membership Interest.

53.     The transfer of the Membership Interest occurred on or about June 16, 2022, within one year of the Petition Date.

54.     The Debtor transferred the Membership Interest after the Judgment was entered, the Judgment was filed as a foreign judgment in the State of Maryland, and Guseinov was taking action to collect on the Judgment.

55.     The Debtor transferred the Membership Interest with the intent to hinder, delay, or defraud his creditors.

56.     Because the Debtor fraudulently transferred the Membership Interest within one year prior to the Petition Date, he is not entitled to a discharge pursuant to section 727(a)(2) of the Bankruptcy Code.

**COUNT II**
**Denial of Discharge: 11 U.S.C. §§ 727(c)(1); 727(a)(2)**
**Transfer of Assets with Intent to Hinder, Delay or Defraud Creditors**
**(LCN Derra Transfers)**

57.     The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

58.     Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or

concealed (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2).

59.    The Debtor formed LCN in Delaware in February 2018, and enrolled the company with the State of Maryland on or about May 30, 2019.

60.    The Debtor was the sole member of LCN from its formation in February 2018 until June 16, 2022, when he transferred 30% of the Membership Interest to Derra for no consideration.

61.    Upon information and belief, the Debtor controlled all aspects of LCN as the "Founder & Owner" and the actions taken by LCN were an extension of the Debtor himself.

62.    The Debtor caused LCN to fraudulently transfer property of the estate to Derra within one year of the Petition Date ("LCN Derra Transfers").

63.    The Debtor caused LCN to fraudulently transfer, at a minimum, the following to Derra:

|  | 2021 | 2022 | 2023 | TOTAL |
|---|---|---|---|---|
| **Wages** | $163,450 | $302,000 | $150,383 | **$615,833** |
| **K-1 Income** | | $74,622 | $22,540 | **$97,162** |
| **Pension** | $99,000 | $25,000 | | **$124,000** |
| **Profit Sharing** | $10,977 | $18,300 | | **$29,277** |
| **TOTAL** | **$273,427** | **$419,922** | **$172,923** | **$866,272** |

64.    Derra's W-2 for 2021 and 2022 show her gross wages, as opposed to her taxable wages, were as follows:  $182,949.47 and $322,500.06, respectively.  Accordingly, the total transferred to Derra during this time period was $906,272.07.

65.    Upon information and belief, most of the LCN Derra Transfers occurred after the Judgment was entered, the Judgment was filed as a foreign judgment in the State of Maryland, and Guseinov was taking action to collect on the Judgment.

66.    The Debtor caused the LCN Derra Transfers with the intent to hinder, delay, or defraud his creditors.

67.    Because the Debtor fraudulently caused the LCN Derra Transfers within one year prior to the Petition Date, he is not entitled to a discharge pursuant to section 727(a)(2) of the Bankruptcy Code.

### COUNT III
### Denial of Discharge: 11 U.S.C. §§ 727(c)(1); 727(a)(2)
### <u>Transfer of Assets with Intent to Hinder, Delay or Defraud Creditors</u>
### (LCN Retirement Transfers)

68.    The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

69.    Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2).

70.    The Debtor formed LCN in Delaware in February 2018, and enrolled the company with the State of Maryland on or about May 30, 2019.

71.    The Debtor was the sole member of LCN from its formation in February 2018 until June 16, 2022, when he transferred 30% of the Membership Interest to Derra for no consideration.

72.    Upon information and belief, the Debtor controlled all aspects of LCN as the "Founder & Owner" and the actions taken by LCN were an extension of the Debtor himself.

73.    The Debtor caused LCN to fraudulently transfer property of the estate to exempt retirement funds within one year of the Petition Date ("Retirement Transfers").

74.    The Debtor caused LCN to make total pension payments of $499,800 in 2022 pursuant to LCN's profit & loss statement.  Presumably these payments are for the Debtor and

Derra, and further discovery will show the breakdown of contributions made on the Debtor's behalf.

75.    Upon information and belief, by way of example only, there was a payment by LCN to the Debtor's retirement in September 2022 for $82,000 and in October 2022 for $160,000.

76.    On Amended Schedule A/B the Debtor discloses, that on the Petition Date, his retirement accounts with LCN totaled $986,131.38 with $25% or $246,532 contributed within the one year prior to the Petition Date.

77.    Upon information and belief, the Retirement Transfers occurred after the Judgment was entered, the Judgment was filed as a foreign judgment in the State of Maryland, and Guseinov was taking action to collect on the Judgment.

78.    The Debtor caused the Retirement Transfers with the intent to hinder, delay, or defraud his creditors.

79.    Because the Debtor fraudulently caused the Retirement Transfers within one year prior to the Petition Date, he is not entitled to a discharge pursuant to section 727(a)(2)(A) of the Bankruptcy Code.

80.    To the extent that Retirement Transfers occurred after the Petition Date, the Debtor further is not entitled to a discharge pursuant to section 727(a)(2)(B) of the Bankruptcy Code.

**COUNT IV**
**Denial of Discharge: 11 U.S.C. §§ 727(c)(1); 727(a)(2)**
**Transfer of Assets with Intent to Hinder, Delay or Defraud Creditors**
**(Derra Transfers)**

81.    The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

82.    Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the

estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2).

83.    In addition to the large sums of money that were paid to Derra through LCN, substantial amounts of money were transferred to Derra from accounts in which the Debtor had an interest during the one year prior to filing for bankruptcy and after the date of filing ("Derra Transfers").

84.    Upon information and belief, the following transfers occurred to Derra:

| DATE | AMOUNT |
|---|---|
| May 17, 2022 | $56,000 |
| May 26, 2022 | $379,777 |
| November 16, 2022 | $10,500 |
| **TOTAL** | **$446,277** |

85.    Upon information and belief, the Derra Transfers occurred after the Judgment was entered, the Judgment was filed as a foreign judgment in the State of Maryland, and Guseinov was taking action to collect on the Judgment.

86.    The Derra Transfers occurred with the Debtor's intent to hinder, delay, or defraud his creditors.

87.    Because the Debtor fraudulently transferred the Derra Transfers within one year prior to the Petition Date, he is not entitled to a discharge pursuant to section 727(a)(2)(A) of the Bankruptcy Code.

88.    To the extent that Derra Transfers occurred after the Petition Date, the Debtor further is not entitled to a discharge pursuant to section 727(a)(2)(B) of the Bankruptcy Code.

**COUNT V**
**Denial of Discharge: 11 U.S.C. §§ 727(c)(1); 727(a)(4)**
**<u>False Oath or Account in Connection with the Case</u>**

89.     The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

90.     Section 727(a)(4) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she "knowingly and fraudulently, in connection with the case . . . made a false oath or account."

91.     The Debtor knowingly and fraudulently, in connection with the bankruptcy case, made false oaths or accounts.

92.     The Debtor committed the following false oaths on his Third Amended SOFA:

   a.   Failure to disclose the transfer of the 30% Membership Interest to Derra on June 16, 2022; and

   b.   Failure to disclose significant transfers and/or gifts to Derra.

93.     Subject to further discovery, the United States Trustee has reason to believe that additional false oaths and/or material omissions may have occurred in this bankruptcy case.

94.     The Debtor's false oaths were made willfully with the intent to defraud.

95.     Because the Debtor has committed false oaths, he is not entitled to a discharge pursuant to section 727(a)(4) of the Bankruptcy Code.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the United States Trustee respectfully requests that the Court enter judgment in his favor and deny the discharge of Debtor, Stanley Sutton Burns, Jr., and for such other relief as is just and appropriate.

Respectfully submitted,

Date: January 18, 2024

**GERARD R. VETTER**
Acting United States Trustee for Region 4

By Counsel:

*/s/ Lisa Yonka Stevens*
Lisa Yonka Stevens, Bar No. 27728
Trial Attorney
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD  20770
(301) 344-6216
Fax: (301) 344-8431
E-mail: Lisa.Y.Stevens@usdoj.gov